**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NIC INDUSTRIES, INC.,

Plaintiff,

v.

ELIO KELLER d/b/a CERACOAT and THE UNKNOWN INDIVIDUALS AND ENTITIES OPERATING <CERACOAT.ME>,

Defendants.

Case No. 26-cv-11463

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff NIC Industries, Inc. ("NIC" or "Plaintiff") hereby brings the present action against Elio Keller d/b/a Ceracoat and the individuals and entities operating <ceracoat.me> (collectively "Defendants") and alleges as follows:

## I. INTRODUCTION

1. This action has been filed by NIC to address Defendants' selling and offering for sale of protectant, ceramic coating, and automotive products that bear and use a trademark that infringes upon NIC's statutory and common law rights in the CERAKOTE and CERAKOTE RAPID CERAMIC trademarks (the "Infringing Products") through Defendants' e-commerce store operating through at least the <ceracoat.me> website (the "Defendants' Website"). NIC seeks to address Defendants' infringement of its trademark rights. NIC has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark and trade dress rights as a result of Defendants' actions and seeks injunctive and monetary relief.

## II. JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendants because Defendants directly target business activities toward consumers in Illinois and have caused harm to NIC's business within this Judicial District. Specifically, Defendants have targeted sales to Illinois residents by setting up and operating Defendants' Website that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars from U.S. consumers and have sold products that infringe on NIC's trademarks to residents of Illinois. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused NIC substantial injury in the State of Illinois.

## III. THE PARTIES

**Plaintiff NIC**

4. NIC is a corporation organized and existing under the laws of the State of Oregon, having its principal place of business at 7050 Sixth Street, White City, Oregon 95703.

5. NIC is a chemical and coatings manufacturer that produces industry-leading coating products that are distributed and sold in nearly 90 countries around the world. Such products include custom powder coat colors for automobiles, thin-film ceramic polymer protective coatings, and ceramic coatings that restore and protect a vehicle's trim and headlights. Driven by

NIC's arduous quality standards and innovative engineering, NIC's products, including those under its CERAKOTE® and CERAKOTE RAPID CERAMIC® brands, have become enormously popular within a plethora of industries, including the automotive, firearms, high-end technology, and eye-wear industries. In the United States and around the world, NIC and its CERAKOTE® and CERAKOTE RAPID CERAMIC® brands have come to symbolize high quality, and NIC's products are among the most recognizable of their kind.

6. Under the CERAKOTE® and CERAKOTE RAPID CERAMIC® brands, NIC is a global leader in the manufacturing of thin-film protective ceramic coatings (the "CERAKOTE Products"). CERAKOTE Products are used by major performance brands and have a wide range of applications. These applications range from wearables like sunglasses and watches, to automotive, outdoor and sports equipment, and aerospace.

7. NIC incorporates a variety of distinctive marks in the advertisement and design of its various products, including its CERAKOTE and CERAKOTE RAPID CERAMIC trademarks (the "CERAKOTE Trademarks"). NIC typically includes its CERAKOTE Trademarks on the CERAKOTE Products and uses the CERAKOTE Trademarks in connection with the marketing of the CERAKOTE Products. As a result of its long-standing use, NIC owns common law trademark rights in its CERAKOTE Trademarks. NIC has also registered its CERAKOTE Trademarks with the United States Patent and Trademark Office under U.S. Registration Nos. 4,068,382 (CERAKOTE) and 7,348,021 (CERAKOTE RAPID CERAMIC), both which are valid, subsisting, and in full force and effect.

8. U.S. Registration No. 4,068,382 for CERAKOTE is incontestable pursuant to 15 U.S.C. § 1065. Incontestable status under 15 U.S.C. § 1065 provides that the registration for CERAKOTE is conclusive evidence of the validity of NIC's CERAKOTE trademark and of the registration of the CERAKOTE trademark, of NIC's ownership of the CERAKOTE trademark,

and of NIC's exclusive right to use the CERAKOTE trademark in commerce. 15 U.S.C. §§ 1115(b), 1065.

9. The CERAKOTE Trademarks have been used exclusively and continuously by NIC for many years and have never been abandoned. Attached hereto as **Exhibit 1** are true and correct copies of the certificates for United States Registration Nos. 4,068,382 and 7,348,021 for the CERAKOTE Trademarks.

10. The CERAKOTE Trademarks are exclusive to NIC and displayed extensively on CERAKOTE Products and in NIC's marketing and promotional materials. CERAKOTE Products have long been among the most popular of their kind in the world and have been extensively promoted and advertised at great expense. CERAKOTE Products have also been the subject of extensive unsolicited publicity resulting from their high-quality and innovative engineering. Because of these and other factors, the CERAKOTE® and CERAKOTE RAPID CERAMIC® brands and CERAKOTE Trademarks have become famous throughout the United States.

11. The CERAKOTE Trademarks are distinctive when applied to CERAKOTE Products, signifying to the purchaser that the products come from NIC and are manufactured to NIC's quality standards. NIC manufactures its products itself and ensures that products bearing its trademarks are manufactured to the highest quality standards. The CERAKOTE Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the CERAKOTE Trademarks is of incalculable and inestimable value to NIC.

12. CERAKOTE Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois, and through the official <cerakote.com> and <cerakoteceramics.com> websites. Sales of CERAKOTE Products via the <cerakote.com> and <cerakoteceramics.com> websites represent a significant portion of

NIC's business. The <cerakote.com> and <cerakoteceramics.com> websites feature proprietary content, images, and designs exclusive to NIC.

13. NIC's innovative marketing and product designs have made NIC a global leader in the manufacturing of protective ceramic coatings and have made the CERAKOTE Trademarks well-known marks. The widespread fame, outstanding reputation, and significant goodwill associated with NIC's CERAKOTE® and CERAKOTE RAPID CERAMIC® brands has made the CERAKOTE Trademarks valuable assets.

14. NIC has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the CERAKOTE Trademarks. As a result, products bearing the CERAKOTE Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from NIC. NIC is a multi-million-dollar operation, and CERAKOTE Products have become among the most popular of their kind in the world.

**The Defendants**

15. Defendant Elio Keller is an individual that, on information and belief, resides at Büfelderstrasse 1, 8370 Sirnach, Switzerland.

16. The unknown individuals and entities operating <ceracoat.me>, on information and belief, reside and/or are headquartered at Büfelderstrasse 1, 8370 Sirnach, Switzerland.

17. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through at least the operation of Defendants' Website operating at <ceracoat.me>.

18. Defendants target the United States, including Illinois residents, and have offered to sell, and have sold and shipped, Infringing Products to consumers within the State of Illinois through Defendants' Website.

## IV. DEFENDANTS' UNLAWFUL CONDUCT

19. Defendants operate a fully interactive website at <ceracoat.me> (previously defined as "Defendants' Website").

20. Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale protectant, ceramic coating, and automotive products on Defendants' Website bearing infringing versions of the CERAKOTE Trademarks (previously defined as the "Infringing Products").

21. Figure 1 below shows screenshots from Defendants' Website as of September 7, 2026, showing the Infringing Products offered for sale.




*Figure 1*

22. NIC's investigator visited Defendants' E-Commerce Store and purchased the Infringing Products.

23. The purchased Infringing Products were shipped to the State of Illinois.

24. As shown below, Defendants' Infringing Products bear "CERACOAT" and "CERACOAT CERAMICS" marks which are confusingly similar to the CERAKOTE Trademarks. Specifically, the "CERACOAT" mark is confusingly similar to the CERAKOTE trademark because it begins with the letter "C", followed by the letters "E," "R", and "A" in the middle, and ends in the same sounding "KOTE" / "COAT." Likewise, "CERACOAT CERAMICS" is confusingly similar to the CERAKOTE RAPID CERAMIC trademark for the same reasons, as well as including the term "ceramic" that ends the trademark.

| **CERAKOTE Trademarks** | **Defendants' Infringing Products** |
|---|---|
| CERAKOTE<br>(Reg. No. 4,068,382)<br><br>CERAKOTE RAPID CERAMIC<br>(Reg. No. 7,348,021) |  |



*Figure 2*

25. On information and belief, Defendants are well aware of the extraordinary fame and strength of the CERAKOTE Trademarks and the goodwill associated therewith.

26. Defendants, without any authorization, license, or other permission from NIC, have used a confusingly similar mark and trade dress in connection with the advertisement, distribution,

offering for sale, and sale of Infringing Products into the United States and Illinois over the Internet.

27. Defendants' exploitation and infringement of the CERAKOTE Trademarks in the advertisement, distribution, offering for sale, and sale of the Infringing Products was willful.

28. Defendants' willful use of infringing and/or confusingly similar marks to the CERAKOTE Trademarks in connection with the advertisement, distribution, offering for sale, and sale of the Infringing Products, including the sale of Infringing Products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming NIC.

**COUNT I**
**TRADEMARK INFRINGEMENT OF THE CERAKOTE TRADEMARKS**

29. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

30. NIC owns the exclusive rights to the CERAKOTE Trademarks. NIC's use of the CERAKOTE Trademarks predates that of Defendants' use of the "CERACOAT" and "CERACOAT CERAMIC" marks in the United States.

31. This is a trademark infringement action against the Defendants based on their unauthorized use in commerce of products that use confusingly similar marks to the CERAKOTE Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The CERAKOTE Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from CERAKOTE Products sold or marketed under the CERAKOTE Trademarks.

32. Notwithstanding NIC's well-known and prior common law and statutory rights in the CERAKOTE Trademarks, Defendants have sold, offered to sell, marketed, distributed, and

advertised, and are still selling, offering to sell, marketing, distributing, and advertising products bearing and using infringements of the CERAKOTE Trademarks without NIC's permission.

33. NIC is the exclusive owner of the CERAKOTE Trademarks. NIC's United States Registrations for the CERAKOTE Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of NIC's statutory and common law rights in the CERAKOTE Trademarks and are willfully infringing the CERAKOTE Trademarks. Defendants' willful and intentional infringement of the CERAKOTE Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Infringing Products among the public.

34. Defendants' activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. NIC has no adequate remedy at law, and if Defendants' actions are not enjoined, NIC will continue to suffer irreparable harm to its reputation and the goodwill of its well-known CERAKOTE Trademarks.

36. The injuries and damages sustained by NIC have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Infringing Products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

37. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

38. Defendants' promotion, marketing, offering for sale, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the

public as to the affiliation, connection, or association with NIC or the origin, sponsorship, or approval of Defendants' Infringing Products by NIC.

39. By using confusingly similar marks to the CERAKOTE Trademarks on the Infringing Products, Defendants created a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

40. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the public involves the use of deceptive and infringing marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

41. NIC has no adequate remedy at law and, if Defendants' actions are not enjoined, NIC will continue to suffer irreparable harm to its reputation and the goodwill of its CERAKOTE® and CERAKOTE RAPID CERAMIC® brands.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510, *et seq.*)**

42. NIC hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43. Defendants are engaged in acts violating Illinois law including, but not limited to, passing off its Infringing Products as those of NIC, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine CERAKOTE Products, representing that their products have NIC's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

44. The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

45. NIC has no adequate remedy at law, and Defendants' conduct is causing NIC to suffer damage to its reputation and associated goodwill. Unless enjoined by the Court, NIC will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, NIC prays for judgment against Defendants as follows:

1) That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from the following acts in the United States or in any other manner that effects U.S. commerce:

   a. using the CERAKOTE Trademarks or any confusingly similar mark, including, but not limited to, CERACOAT and CERACOAT CERAMIC, in any manner in connection with the importation into the United States, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine CERAKOTE Product or is not authorized by NIC to be sold in connection with the CERAKOTE Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine CERAKOTE Product or any other product produced by NIC, that is not NIC's or not produced under the authorization, control or supervision of NIC and approved by NIC for sale under the CERAKOTE Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of NIC, or are sponsored by, approved by, or otherwise connected with NIC;

   d. further infringing the CERAKOTE Trademarks and damaging NIC's goodwill;

   e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, and/or importing into the United States or otherwise

disposing of, in any manner, products or inventory not manufactured by or for NIC, nor authorized by NIC to be sold or offered for sale, and which infringe upon any of NIC's trademarks, including the CERAKOTE Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

f. aiding, abetting, contributing to or otherwise assisting anyone in infringing upon the CERAKOTE Trademarks; and

g. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) through (f), above;

2) That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon NIC a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraph 1, (a) through (g), above;

3) That Defendants account for and pay to NIC all damages and profits (including as provided by 15 U.S.C. § 1117 and by common law) realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the CERAKOTE Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) That NIC be awarded its reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, NIC hereby demands a trial by jury as to all issues so triable.

Dated this 18th day of September 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Rachel S. Miller
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
rmiller@gbc.law

*Counsel for Plaintiff NIC Industries, Inc.*